UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. RICHARD E. GLASS, a citizen of the State of New Jersey, on behalf of himself and the putative class, | |
| | Civil Action No. 14-432 (FLW) |
| Plaintiff, | |
| | **JUDGEMENT AND ORDER** |
| v. | |
| THE TEMPLETON GROUP LLC, a New York Limited Liability Company, | |
| Defendant. | |

**THIS MATTER** having been opened to the Court by David J. DiSabato, Esq., counsel for Plaintiff Dr. Richard E. Glass ("Plaintiff"), on a Motion for Default Judgment; it appearing that in support of his motion, Plaintiff has submitted certifications and exhibits; it further appearing that defendant the Templeton Group LLC ("Defendant" or "Templeton"), having been duly served, has not opposed the Motion; having considered Plaintiff's submissions the Court makes the following findings:

1. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties

are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).

2. Templeton was a company that purportedly assisted consumers with mortgage relief services. Plaintiff, a homeowner, sought mortgage modification services from Templeton in February 2013.

3. Pursuant to the parties' agreement, Templeton charged a fee of 1% of the entire loan balance or a flat fee of $2,995 for loan balances less than three hundred thousand. The fee was due upon execution of the Agreement.

4. Upon execution of the Agreement, Plaintiff paid a fee of $2,500 to Templeton.

5. Plaintiff never received a loan modification from his lender/servicer, and according to Plaintiff, he was entitled to a refund. Indeed, Templeton assured Plaintiff that he would receive a refund. However, the refund was never issued and Templeton persistently ignored Plaintiff's inquiry and requests.

6. On January 17, 2014, Plaintiff brought this action against Defendant asserting the following five counts in the Complaint:

   a. Violation of the Mortgage Assistance Relief Act, 16 C.F.R. 322, *et seq.*, for charging Plaintiff an advance fee in an amount of $2,500;

   b. Violation of the Truth-in-Consumer Contract, Warranty and Notice act, N.J.S.A. 56:12-15, by offering and entering into a contract that includes a provision requiring an advance fee for rendering mortgage relief assistance services;

   c. Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, for unconscionable business practices for requiring an up-front fee for the processing

>    of a loan modification application and for the deliberate practice of failing to process loan modification;
>    d. Breach of contract; and
>    e. Breach of the duty of good faith and fair dealing

7. The Summons and Complaint have been properly served on Defendant; however, Defendant has failed to plead or otherwise defend in this action. Consequently, on May 9, 2014, Plaintiff filed a Request for Default pursuant to Fed. R. Civ. P. 55(b)(1). On May 11, 2014, the Clerk's Office entered an Entry of Default against Defendant. On September 17, 2014, Plaintiff filed the instant Motion for Default Judgment.

8. As damages, Plaintiff is seeking to recover $7,600 from Templeton for violating both the Mortgage Assistance Relief Act and the New Jersey Consumer Fraud Act ("NJCFA"), as well as breach of contract. The Court finds that $7,600 is appropriate in light of the factual circumstances, which the Court takes as true.

9. Plaintiff is entitled to the payment of the advance fee of $2,500 paid pursuant to the contract with Templeton because Defendant violated 15 C.F.R. § 322.5, as alleged in Count one and because Defendant breached the parties' agreement as set forth in Count Four. Pursuant to the NJCFA, $2,500 may be trebled. *See Laughlin v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 79441, at *16-17 (D.N.J. Jun. 11, 2014). The Court finds trebling of the damages appropriate in this case. As such, the total amount compensable is $7,500. In addition, Plaintiff is entitled to $100, which represents the statutory damages for violation of the Truth in Consumer Contract, Warranty and Notice Act. Accordingly, Plaintiff is awarded $7,600.

10. Plaintiff also seeks statutory attorney's fees and costs pursuant to NJCFA, in the amount of $7,664.65. However, having reviewed counsel's billing invoice, the Court finds that any billing entries related to communications with federal prosecutors are not compensable attorney's fees. *See* Invoice, entries from May 20, 2014 to June 20, 2014. The remaining entries are reasonable. As such, the total amount of fees and costs is $5,445.65.

Accordingly, the Court having reviewed the submissions in connection with the Motion pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 24th day of November, 2014,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED**;

**ORDERED** and **ADJUDGED** that Defendant shall pay Plaintiff in the amount of $13,045.65; and it is further

**ORDERED** that this case shall be mark as **CLOSED**.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge

4